By the Court.—Monell, J.
The affidavits used upon the motion at special term, establish clearly two facts, First; That the coal in question was the prop *344 erty of the plaintiffs, and was sold by them to the defendants. And second ; That Bass, who made the sale, was the agent of the plaintiffs to make the sale. These facts are not controverted. The most that the defendants claim is, that Bass represented to them that the coal belonged to, and he was selling it for, Packer & Son, and that they supposed they purchased it from such latter firm.
The unauthorized representation of the plaintiffs’ agent will not defeat the plaintiffs’ right to recover. The representation made in this case was not only not within the scope of the agent’s authority, but was in direct hostility to the purpose for which he was appointed. And however much the defendants may have been misled, they cannot avail themselves of the false representations of the agent to defeat the recovery of the principal (New York Life Ins. Co. v. Beebe, 7 N. Y. [3 Seld.], 364).
No doubt the defendants believed they were making the purchase of Packer & Son; but when they made their answer, they had been informed that the purchase was in fact made of the plaintiffs; and they must, therefore, have known that their answer was untrue, unless they designed or hoped to defeat the action by means of the representations of Bass. As such representations cannot affect the plaintiffs’ rights, and there is no possible' doubt upon the proofs, now before the court, that the plaintiffs must succeed, it was correct to strike out the answer as sham. The test of a sham answer is, that it is untrue in fact, and it is immaterial whether the party making the answer knew of its untruth. If the court can see that it is false, it should be stricken out, notwithstanding the defendant may have believed it to be true. •
It is not necessary to adjudge a defendant guilty of perjury, or even to impute to him such a crime, in holding his answer to be false. He may have made his allegations in perfectly good faith, believing them to be *345 wholly true, and yet the court, satisfied by proof that such allegations are untrue, must strike the answer from, the record.
That is this case. The answer was probably made in the belief that the representations of Bass would enable the deierida.nts'to avail themselves of their set-off against Packer & Son. But they were mistaken ; and it was correct, therefore, upon the undisputed proof that the purchase was in fact made of the plaintiffs, to hold the answer to be sham, so as to authorize it to be stricken out.
The order appealed from should be affirmed, with costs.
McCunn and Fithian, JJ., concurred.